UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

HEATHER CATTANEO and
BAYLA SMITH, on behalf of themselves
and others similarly situated,

      Plaintiffs,

v.

SPERIDIAN TECHNOLOGIES, LLC,
and TRUECOVERAGE LLC,

      Defendants.

_____/

## COMPLAINT
### (COLLECTIVE ACTION)

Plaintiffs Heather Cattaneo and Bayla Smith, on behalf of themselves and others similarly situated, sue Defendants Speridian Technologies, LLC, and Truecoverage LLC, and allege the following:

## JURISDICTION

1.    This Court has original jurisdiction as the claim is brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343(a)(4), and 29 U.S.C. § 216(b).

3.    This Court has personal jurisdiction because, among other things, Defendants have operated, conducted, engaged in, or carried on a business or business venture in Florida, and Defendants have engaged in substantial and not isolated activity

within Florida.  *See generally* Fla. Stat. § 48.193.

4.     Pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 89(c), venue is proper in this Court because Defendants reside in Florida, Defendants reside in the Southern District of Florida, and a substantial part of the events or omissions giving rise to the cause of action occurred in the Southern District of Florida.  The West Palm Beach Division is the proper division within the Southern District of Florida for this action.

## PARTIES

5.     Heather Cattaneo ("Cattaneo") is a resident of Broward County, Florida.

6.     Bayla Smith ("Smith") is a resident of Broward County, Florida.

7.     Speridian Technologies, LLC ("Speridian"), is a New Mexico limited liability company that is registered to do business in the State of Florida, has engaged in business in the State of Florida, and has an office located in Palm Beach County, Florida.

8.     Truecoverage LLC("Truecoverage"), is a New Mexico limited liability company that is registered to do business in the State of Florida, has engaged in business in the State of Florida, and has an office located in Palm Beach County, Florida.

9.     At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of the FLSA.

10.     At all times material hereto, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

11.     At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

12.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13.     At all times material hereto, Defendants were, and continue to be, an

enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14.    Based on information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum in 2021, 2022, 2023, and 2024.

15.    At all times material hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

16.    At all times material hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

17.    The additional persons who may become plaintiffs in this action are/were hourly plus commission paid employees of Defendants, who held similar positions to Plaintiffs, and who worked in excess of forty hours during one or more work weeks during the relevant time periods but who did not receive proper pay at one-and-one-half times their regular rate for their hours worked in excess of forty hours.

18.    At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

## GENERAL ALLEGATIONS

19.    In July 2023, Defendants hired Bailey to work as an hourly plus commission paid employee on Defendants' behalf.

20.    In September 2023, Defendants hired Cattaneo to work as an hourly plus commission paid employee on Defendants' behalf.

21.    Defendants were Plaintiffs' direct employers, joint employers, and/or co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. § 203(d).  By way of example:

      a.    Defendants together had to the power to hire and fire Plaintiffs.

b.      Defendants together supervised and controlled Plaintiffs' work schedules and conditions of employment.  For example, Defendants would set and adjust at their discretion the number of hours worked per day, the number of days worked per week, and the minimum number of insurance policies that had to be sold.  Defendants together determined the rate and method of payment.  For example, through an e-mail jointly issued by Defendants, they purported to clarify what is and is not eligible as a commission or production bonus.  And Defendants together maintained employment records, including through the use of one single human resources office or department.

c.      Defendants have the same principal address, which is listed as 2400 Louisiana Boulevard NE, Building 3, Albuquerque, NM 87110.

d.      Defendants have the same office and mailing address in Florida, which is listed as 5455 North Federal Highway, Suite E, Boca Raton, FL 33487.

e.      Defendants have overlapping officers and directors.  For example, Manal Mehta is a member of the board of directors of Speridian and is the President and Chief Innovation Officer for Truecoverage.  Chandra Vempati is a member of the board of directors of Speridian and is the Head of Sales Support and Organic Marketing Operations for Truecoverage.  Further, Defendants used one individual, Gabriel Harrison, to manage and otherwise supervise Plaintiffs.

22.     At various times during their employment, Plaintiffs worked for Defendants in excess of forty hours within a work week.

23.     Throughout Plaintiffs' employment and beyond, Defendants failed to compensate Plaintiffs, and those similarly situated, at the statutory rate of one-and-one-half times the proper regular rate for all hours worked in excess of forty hours in a single work week.

KIM VAUGHAN LERNER LLP

24.     Overtime pay that is due must be computed on the basis of the "regular rate."

25.     The "regular rate" is calculated by dividing the total pay in any workweek by the total number of hours actually worked.  The "regular rate" then is multiplied by 1.5 to establish the overtime rate that employees must be paid for all hours worked in excess of forty hours in that particular week.

26.     Specifically, Defendants failed to account for all hours worked by Plaintiffs, and those similarly situated, and failed include commissions and other non-discretionary income received (e.g., production bonuses) by Plaintiffs, and those similarly situated, in calculating the regular rate of pay for Plaintiffs, and those similarly situated.

27.     Defendants developed and engaged in a policy, plan, or decision to deny Plaintiffs, and those similarly situated, the full and proper pay owed for overtime worked.

28.     This policy, plan, or decision involved dividing the total pay received by Plaintiffs, and those similarly situated, between Speridian and Truecoverage.  By dividing the pay, Defendants would exclude commissions and non-discretionary income from the calculation to determine the proper regular rate.  The purposeful effect was to artificially lower the regular rate, and therefore, lower the overtime rate and thus the amount of overtime pay owed.

29.     Under the FLSA, Plaintiffs, and others similarly situated, should be, and were required to be, properly compensated at the rate of one-and-one-half times the regular rate for those hours worked in excess of forty (40) hours per week as required by the FLSA.  This required including not just the hourly pay but also the commissions and non-discretionary income in calculating the regular rate.  But Defendants' policy, plan, or decision purposely excluded the commissions and non-discretionary income in

calculating the regular rate in violation of the FLSA.

30.     From at least 2023 and continuing until March 2024, Defendants failed to compensate Plaintiffs for all hours worked.  This includes and is not limited to compensating Plaintiffs at the rate of one-half times and one-and-one-half times Plaintiffs' regular rate for all hours worked in excess of forty hours in a work week. Plaintiffs should be compensated at the rate one-and-one-half times Plaintiffs' regular rate for those hours that Plaintiffs worked in excess of forty hours per week as required by the FLSA.

31.     Defendants have violated 29 U.S.C. § 207 from at least 2023 and continuing to date, in that:

        a.     Plaintiff and other similarly situated employees worked in excess of forty hours per week for the period of employment with Defendants;

        b.     No payments, and provisions for payment, have been made by Defendants to compensate Plaintiffs and other similarly situated employees at the statutory rate of one-and-one-half times the proper regular rate for those hours worked in excess of forty hours per work week as provided by the FLSA; and

        c.     Defendants failed to maintain proper time records as mandated by the FLSA.

32.     A consent to sue for Plaintiff Heather Cattaneo is attached as Exhibit 1.  A consent to sue for Plaintiff Bayla Smith is attached as Exhibit 2.

33.     Plaintiffs have retained the undersigned law firm to represent Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

**COUNT I:**
**RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS**

34.    Plaintiffs restate and reallege paragraphs 1 through 33 as if fully set forth herein.

35.    During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs worked in excess of the forty hours per week for which Plaintiffs were not compensated at the statutory rate of time and one-and-one-half times Plaintiffs' proper regular rate of pay.

36.    Plaintiffs were entitled to be paid at the statutory rate of one-and-one-half times Plaintiffs' full and proper regular rate of pay for those hours worked in excess of forty hours.

37.    At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

38.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-and-one-half times Plaintiffs' proper regular rate of pay for the hours worked in excess of forty hours per weeks when they knew, or should have known, such was, and is due.

39.    Defendants failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

40.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty hours per week, plus liquidated damages.

41.    Plaintiffs are entitled to an award of reasonable attorneys' fees, costs, and

expenses pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54.

42.    At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiffs by virtue of the management policy, plan, or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked and for the payment at a lower rate of compensation for all overtime hours worked.

43.    Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiffs were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiffs (and those similarly situated) with more than forty or more hours in a work week, Defendants failed to properly pay Plaintiffs, and those similarly situated to them, overtime wages at one-and-one half their proper regular rate of pay for such hours.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendants;

a.    Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.    Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty hours per work week;

c.    Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

d.    Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54;

      e.       Awarding Plaintiffs pre-judgment interest (if liquidated damages are not awarded) and post-judgment interest; and

      f.       Ordering such other and further relief as the circumstances and law require and/or provide.

**<u>JURY DEMAND</u>**

Plaintiffs demand a jury trial for all issues so triable.

Dated:  April 26, 2024            Respectfully submitted,

By: _/s/ Brian L. Lerner_
      Brian L. Lerner (Fla. Bar No. 177202)
      blerner@kvllaw.com
      Kim Vaughan Lerner LLP
      312 SE 17th Street, Suite 300
      Fort Lauderdale, Florida 33316
      Telephone:   (954) 527-1115
      Facsimile:    (954) 527-1116
      Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

By: _/s/ Brian L. Lerner_____

## SERVICE LIST

Speridian Technologies, LLC
c/o Hari Pillai (as registered agent)
5455 North Federal Highway
Suite E
Boca Raton, FL 33487
Via Original Service of Process

Truecoverage LLC
c/o Matthew Goldfuss (as registered agent)
5455 North Federal Highway
Suite E
Boca Raton, FL 33487
Via Original Service of Process